# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KATIE A. BLANCHARD, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| PASCALE GUIRAND,<br>Section Chief | ) ) ) |
| MATTHEW N. FANDRE<br>Deputy Director for Clinical Services | ) ) ) |
| VINCENT MOORE<br>Deputy Commander for Clinical Service | ) ) )   Case No: |
| DAVID CASSELLA<br>Commander of Munson Army Health Center | ) ) ) |
| JOHN KENT<br>Commander of Munson Army Health Center | ) ) ) |
| CLIFFORD CURRIE<br>Social Services Assistant | ) ) ) |
| THE UNITED STATES OF AMERICA,<br>A Governmental Entity. | ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES

Plaintiff, Katie A. Blanchard, by and through her counsel, and for her cause of actions against Defendant United States of America; Defendants, Pascale Guirand, Matthew N. Fandre, Vincent Moore, John Kent, Sashi A. Zickefoose, Clifford M. Lovett II (Hereinafter "**Defendant Supervisors**"); and Clifton Currie (Hereinafter "**Defendant Currie**") states and alleges as follows:

**Parties, Jurisdiction and Venue**

1. Plaintiff Katie A. Blanchard ("Plaintiff") is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint.

2. Defendant, Pascale Guirand, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint and the supervisor of Plaintiff.

3. Defendant, Matthew N. Fandre, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint and the supervisor of Plaintiff.

4. Defendant, Vincent Moore, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint and the supervisor of Plaintiff.

5. Defendant, John Kent, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint and the supervisor of Plaintiff.

6. Defendant, Sashi A. Zickefoose, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint and the supervisor of Plaintiff.

7. Defendant, Clifford M. Lovett II, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint.

8. Defendant, Clifton Currie, is a United States citizen residing in, Fort Leavenworth, Kansas, at all times pertinent to this Complaint.

9. Plaintiff's causes of action arise under the Federal Tort Claims Act of 1948, 28 U.S.C. §§1346(b), 2671 et seq., and 38 U.S.C. §7316(a), (f), and Kansas common law.

10. The Department of the Army (DOA) was served with an administrative claim pursuant to the FTCA on or around September 14, 2018. On April 18, 2019, the DOA denied Plaintiffs' administrative claim.

11. This Court has jurisdiction over all causes of action asserted against the federal government pursuant to 28 U.S.C. § 1346 because this is a civil action against the United States of America for money damages for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the United States Government while acting within the scope of his office or employment.

12. Venue is proper pursuant to 28 U.S.C. § 1402 because at all times relevant, all of the wrongful acts and/or omissions complained of herein occurred in Fort Leavenworth County, which is in this judicial district.

13. At the time of the acts complained of herein, Defendant Currie was the agent, actual or apparent, of the Defendant United States of America, was acting in the scope and course of his employment, and was acting in the context of providing social services; as such, all acts of Defendant Currie are imputed to his employer/principal, Defendant United States of America.

14. Defendant United States of America, Department of the Army is an executive agency of the United States Government. The acts and omissions complained of herein occurred at the Munson Army Health Center, Fort Leavenworth, Kansas. The Munson Army Health Center (hereinafter "MAHC"), is owned and/or operated by the Department of the Army, an agency of the United States of America.

## General Allegations Common to All Counts

15. Plaintiff was formerly stationed at Fort Leavenworth, Kansas working as a Pediatric Nurse Practitioner and Clinical Nurse Officer In Charge (CNOIC) at MAHC from July 2015 until September 2016.

16. Defandant Currie on or about September 7, 2016 assaulted and battered Plaintiff in an attempt to murder her. Defendant Currie was an employee under the supervision of Plaintiff at MAHC at the time of the assault.

17. As a direct and proximate result of being assaulted and battered by Defendant Currie, Plaintiff suffered third degrees burns to her face, neck, hands and chest, as well as, emotional distress.

18. Plaintiff filed multiple complaints, starting in January 2016 and leading up to the time of her assault, regarding Defendant Currie with the Defendant Supervisors.

19. Plaintiff alerted security personnel at MAHC of Defendant Currie's aggressive behavior prior to her assault.

20. Plaintiff filed a claim pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346b and the Military Claims Act 10 U.S.C. § 2733 on September 14, 2018.  Plaintiff's claims were denied by the DOA on April 18, 2019.

### Count I – Negligence

Plaintiff states as follows for Count 1 of its Petition against defendants:

21.  Plaintiff adopts and incorporates the foregoing paragraphs 1 – 20 as if fully stated herein.

22. The FTCA waives the government's immunity from suit when government employees act negligently while performing their jobs. 28 U.S.C. § 1346(b)(1).

23. Defendant Currie was a Social Services Assistant for the MAHC, who, as part of his job duties, work with the Plaintiff and under the close supervision of a Defendant United States of America and Defendant Supervisors.

24. Defendant United States of America and Defendant Supervisors owed Plaintiff the duty to exercise reasonable care to employ, supervise, control and retain a competent and careful social services assistant to avoid any injury to co-employees, nurses, including the Plaintiff.

25. Defendant United States of America and Defendant Supervisors violated that duty when they failed to exercise reasonable care when they decided to employ and continue to employ Defendant Currie.

26. Defendant United States of America and Defendant Supervisors knew or should have known that Defendant Currie was unable to perform his job duties and was a dangerous threat to the Plaintiff.

27. Upon information and belief, Defendant United States of America and Defendant Supervisors knew or reasonably should have known that:

   a. Defendant Currie had victimized other employees at the Fort Leavenworth MAHC.
   b. Defendant Currie was a danger to his co-employees and clients.
   c. Defendant Currie was an impaired employee.
   d. Defendant Currie had propensities towards violence.
   e. Defendant Currie had propensities to violate co-employee boundaries.
   f. Defendant Currie had propensities to inflict physical injuries and emotional distress.
   g. Defendant Currie's supervisors had not provided the requisite level of supervision and review of his activities, client care and records.

28. Defendant United States of America and Defendant Supervisors further had knowledge and reason to believe that Defendant Currie's particular qualities and propensities to harassment, abusive language and violent acts presented an undue risk of harm to co-employees.

29. Defendant United States of America and Defendant Supervisors knew or should have known that continued employment of Defendant Currie would continue to expose co-employees, such as Plaintiff, to potential harm.

30. Plaintiff's harms were within the risk created by Defendant Currie's known propensities.

31. Defendant United States of America and Defendant Supervisors possessed reason to believe that employment of Defendant Currie would result in undue risk of harm to others.

32. Defendant United States of America and Defendant Supervisors further knew or should have known that Defendant Currie's conduct around co-employees such as Plaintiff required reasonable control and supervision.

33. Defendant United States of America and Defendant Supervisors failed to provide adequate oversight and review of Defendant Currie's performance of his job duties.

34. Defendant United States of America and Defendant Supervisors further failed to adequately supervise and control Defendant Currie given his known propensities toward harming co-employees.

35. The resulting harms suffered by the Plaintiff were foreseeable consequences of Defendant United States of America and Defendant Supervisors' negligence.

36. As a direct and proximate result of Defendant United States of America and Defendant Supervisors' negligence, Plaintiff suffered physical injuries, past, present and future medical treatment, present and future medical bills, shame, humiliation, medically significant emotional distress, lost enjoyment of life, loss of sleep, and anger.

**Count II- Negligent Infliction Of Emotional Distress All Defendants**

37. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 36 as if fully restated herein.

38. Defendant Currie's actions toward the Plaintiff was committed with reckless disregard for the Plaintiff.

39. Defendant Currie's conduct was extreme and outrageous.

40. Defendant Currie's conduct was committed within the course and scope of his employment by Defendants United States of America and Defendant Supervisors, and therefore Defendant United States of America and Defendant Supervisors are vicariously liable for Defendant Currie's outrageous acts.

41. Defendant United States of America and Defendant Supervisors' failure to supervise, control and fire Defendant Currie was extreme and outrageous.

42. Defendant United States of America and Defendant Supervisors' conduct was the direct and proximate cause of foreseeable mental distress for the Plaintiff.

43. Plaintiff's mental distress was extreme, severe, medically diagnosable and significant such that no reasonable person should be expected to endure it.

44. As a direct and proximate result of all Defendants' negligence, Plaintiff suffered physical injuries, past, present and future medical treatment, present and future medical bills, shame, humiliation, medically significant emotional distress, lost enjoyment of life, loss of sleep, and anger.

## Count III- Outrage All Defendants

45. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 – 44 as if fully restated herein.

46. Defendant Currie, while operating in a social service context, within the scope of his job duties, and precipitated by Plaintiff being his co-employee, engaged in outrageous conduct that was in reckless disregard of the Plaintiff's wellbeing.

47. Defendants United States of America and Defendant Supervisors, in the context of providing the Plaintiff a safe working environment, engaged in outrageous conduct by abdicating all responsibility to supervise Defendant Currie appropriately, in reckless disregard of Plaintiff's wellbeing.

48. Defendant Currie's conduct was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized society.

49. The conduct of Defendants United States of America and Defendant Supervisors was extreme and outrageous by any reasonable standard and in any community in America, and goes beyond the bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized society.

50. As a direct and proximate result of all Defendants' negligence, Plaintiff suffered physical injuries, past, present and future medical treatment, present and future medical bills, shame, humiliation, medically significant emotional distress, lost enjoyment of life, loss of sleep, and anger.

### Count IV- Battery All Defendants

51. Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 –50 as if fully restated herein.

52. Defendant Currie, while operating in as Defendant Supervisors' employee, within the scope of his job duties, committed a battery upon the Plaintiff by offensive contact without any justification.

53. Defendants United States of America and Defendant Supervisors are vicariously liable for Defendant Currie's conduct, as Defendant United States of America and Defendant Supervisors are responsible for all intentional torts committed by its employees against co-employees.

54. As a direct and proximate result of all Defendants' negligence, Plaintiff suffered physical injuries, past, present and future medical treatment, present and future medical bills, shame, humiliation, medically significant emotional distress, lost enjoyment of life, loss of sleep, and anger.

WHEREFORE, Plaintiff prays for a judgment against all Defendants in an amount that is fair and reasonable for actual and compensatory damages, all costs, expenses, expert witness fees and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief as the Court deems just and prior.

### Demand for Jury Trial and Designation of Place of Trial

Plaintiff requests a trial by jury, in Kansas City, Kansas, on all counts and allegations of wrongful conduct alleged in this Petition.

Date: October 18, 2019.

                    BAUTISTA LEROY LLC

                    */s/ Andrew S. LeRoy*
                    Andrew S. LeRoy, Esq.          #25209
                    3770 Broadway, Second Floor
                    Kansas City, Missouri 64111
                    P. (816) 221-0382
                    F. (800) 816-7060
                    E. andrew@bautistaleroy.com

                    ***Attorney for Plaintiff***